# CHARLESTON.

EUGENE E. GADDIS *v.* W. E. CHILTON.

(No. 5397)

Submitted February 2, 1926.   Decided February 9, 1926.

BILLS AND NOTES—*Compromise Settlement Between Holder of Note and Accommodation Endorser Held Sufficient Consideration for Renewed Note of Endorser; in Action on Renewed Note of Endorser Executed as Result of Compromise Settlement, Rejection of Evidence That no Notice of Protest of Original Note Was Given by Notary Who Protested it Held Proper.*

Where there is a controversy between the holder of a negotiable note and an accommodation endorser thereon as to the liability of the latter, the former claiming that the note had been protested and the latter denying liability as endorser; and a compromise is fairly entered into by them whereby the endorser is relieved of liability by more than one-half of the obligation and executes his negotiable note for the remainder which is curtailed and renewed, the compromise settlement is a sufficient consideration for the renewed note of the endorser, and evidence offered by him on the trial to the effect that no notice of the protest of the original note

was in fact given him by the notary who protested it, is properly rejected.

(Bills and Notes, 8 C. J. §§ 649 [Anno.], 1350 [Anno.].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Proceeding by a notice of motion for a judgment on a note by Eugene E. Gaddis against W. E. Chilton. Judgment for the plaintiff, and defendant brings error.

*Affirmed.*

*Beverley Brown* and *B. J. Pettigrew,* for plaintiff in error.
*U. S. Albertson* and *Tracy L. Jeffords,* for defendant in error.

LIVELY, JUDGE:

This action of notice of motion for judgment on a negotiable note was submitted to the trial court in lieu of a jury; and upon issue joined on the plea of the general issue, judgment was rendered for the plaintiff in the sum of $1,177.00.

It appears from the agreed statement of facts that in February, 1919, defendant, W. E. Chilton, became an accommodation endorser on a note for $3,500 executed by one Charles A. Towne. The note was not paid when it became due, and Eugene E. Gaddis, the plaintiff herein, sought payment from the defendant. Whether he was holder, or endorser after Chilton does not appear. Gaddis insisted that the note had been protested as to the defendant, but the latter claimed that he was not liable thereon. On April 22, 1922, defendant Chilton and Gaddis entered into a compromise settlement which is set forth in the following receipt:

"W. E. Chilton
411 Union Trust Building
Charleston, West Virginia
Phone Capitol 4231

April 22, 1922.
Received of W. E. Chilton the sum of two hundred and fifty dollars ($250.00) and also his 60 days note for twelve hundred and fifty dollars

($1250.00) payable to Eugene E. Gaddis of Washington, D. C., which is in full settlement of all liability of William E. Chilton and W. E. Chilton on a certain note dated February 17, 1919, for Three thousand five hundred dollars ($3,500) payable at the Commercial National Bank, Washington, D. C., and signed by Chas. A. Towne, payable to the order of William E. Chilton, and which was by said William E. Chilton and W. E. Chilton indorsed.

The said two indorsements of William E. Chilton and W. E. Chilton are this day erased from the said note by the undersigned and any and all liability of the said Chilton thereon and by reason of the said note is hereby cancelled and extinguished.

Eugene E. Gaddis<br>
by Tracy L. Jeffords<br>
his Attorney.''

The defendant made the payment of $250.00 mentioned in the above receipt and executed his note in the further sum of $1,250.00. This note was reduced by payments until the debt represented thereby was $1,100.00; and on March 12, 1923, defendant executed the negotiable note sued on, payable four months after date, in the sum of $1,100.00.

Upon the trial of the case, defendant offered to prove that he received no notice of the protest and dishonor of the original note of February 17, 1919, and that no notice was in fact mailed or otherwise sent him, and that the notary who protested the note of February 17, 1919, mailed and sent the notice, if any, to defendant, to the maker of the note, Charles A. Towne, and that Towne did not transmit the same to defendant. He further offered to prove that at the time the receipt of April 22, 1922, was signed and at the date he paid the $250.00 and executed the note for $1,250.00 and the note sued on, in the sum of $1,100.00, he did not know that there was affirmative evidence that he had received no notice of the protest and dishonor of the note of February 17, 1919, but that the same had been mailed to Charles A. Towne.

The trial court refused to allow the defendant to prove any of the facts just set out, excluded the same from consideration, and held that whether the original note of February 17,

1919, had been protested or not as to said defendant, and whether or not any legal notice had been given to defendant, he is liable upon the settlement set forth in the receipt of April 22, 1922, and upon the note sued upon and introduced in evidence, dated March 12, 1923, for the sum of $1,100.00.

The errors relied upon for reversal relate to the refusal of the trial court to permit defendant to prove that he received no notice of any kind of the protest and dishonor of the original note, and that no notice of protest was mailed or otherwise sent to defendant; and in the refusal of the court to allow petitioner to prove that the note sued on was made without any consideration under a misapprehension of facts.

A considerable portion of the appellant's brief deals with the proposition that the negotiable instrument sued on was without any consideration to defendant because he had executed it in reliance upon the false and fraudulent representations of the plaintiff that the original note had been duly protested. The record does not show that the question of false and fraudulent representations on the part of the plaintiff was ever before the trial court, and this being true, it cannot be considered on this writ. There is no intimation in the agreed facts that Gaddis represented that notice of the protest had been sent to Chilton by the notary, nor did the defendant offer to prove in the trial court that such representation had been made to him by Gaddis.

The controlling question in this case is, was there a valuable consideration for the settlement set forth in the receipt of April 22, 1922, and for the note sued on, dated March 12, 1923? The defendant denies the existence of such a consideration, claim that the settlement and subsequent execution of the notes, was done under a misapprehension of fact as to whether or not he was liable on the original note, whereas he later learned that there was affirmative evidence that the notice of protest had not been sent to or received by him in any way; and therefore there was no consideration for the settlement and the execution of the negotiable instrument upon which this suit was brought.

When the payment of the original note of February 17, 1919, was sought from the defendant, Gaddis claimed that it

had been duly protested as to defendant, while the latter denied his liability. A controversy arose, and in the settlement of this controversy the agreement evidenced by the receipt of April 22, 1922, was made, and later the note sued on was executed. Under the terms of the settlement defendant was relieved of any further obligation on the original note. Can the defendant now be permitted to say that the compromise settlement and the note sued on, were without consideration because at the time the compromise was made and note given he was laboring under a misapprehension of fact, or was in doubt as to his liability, and he later ascertained the existence of affirmative evidence that notice of protest of the original note had not in any way been given to him? The law does not permit the introduction or consideration of such evidence. By the compromise defendant was relieved of the possibility of paying $2,000.00 and obtained an extension of time on what he agreed to pay. The compromise affords a sufficient consideration for the note sued on.

"A compromise of a doubtful question, either of law or fact, where fairly made between parties competent to contract, is binding and cannot be affected by any subsequent investigation or result." *Davis* v. *Lilly,* 96 W. Va. 145.

"Where a controversy, whether of law or fact, arises between parties to an existing contract, and they adjust it by making a new contract, such new or modified contract is not without consideration, and it is not admissible to go behind it to ascertain which was right in his contention." *Producers Coal Co.* v. *Mifflin Coal Co.,* 82 W. Va. 311.

The law on this point is so well settled that we do not believe further citation of authority is necessary.

The judgment is affirmed.

*Affirmed.*